MARK S. KAWATA  2622
1221 Kapiolani Blvd. Suite 808
Honolulu, Hawaii 96814
Telephone No. 955-2600

Attorney for Defendant
JORDAN ISHIDA

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA , | ) CR. NO. 24-00060 JMS |
| | ) |
| Plaintiff, | ) MEMORANDUM IN |
| | ) OPPOSITION TO MOTION TO |
| vs. | ) DETAIN DEFENDANT |
| | ) WITHOUT BAIL ; |
| JORDAN ISHIDA, | ) DECLARATION OF CHERYL |
| | ) ISHIDA; EXHIBITS "1" - "3"; |
| Defendant. | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) |
| | ) Hearing Date: October 18, 2024 |
| | ) Time: 10:30 a.m. |
| | ) Judge: Hon. Wes Reber Porter |
| | ) |

## MEMORANDUM IN OPPOSITION TO
## MOTION TO DETAIN DEFENDANT WITHOUT BAIL

Comes now Defendant Jordan Ishida ("Ms. Ishida"), by her

undersigned attorney, and hereby opposes the United States of America's

Motion to Detain Defendant Without Bail filed in the above-captioned case

on the grounds set forth herein.

## I.    <u>CHARGES</u>.

The Indictment filed October 10, 2024 charges Defendant with (1) Destruction of Tangible Object (18 U.S.C. Section 1519), (2) Accessory After the Fact (18 U.S.C. Section 3), (3) False Statement (18 U.S.C. Section 1001(a)(2)) and (4) Resistance to Official Search (18 U.S.C. Section 2232 (a)).

## II.    <u>ARGUMENT</u>.

### A.    <u>Law Regarding Pretrial Release and Bail</u>.

### 1.    <u>Federal Law Has Long Provided for Pretrial Release and Bail</u>.

Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. <u>Stack v. Boyle</u>, 342 U.S. 1, 4, 72 S. Ct. 1, 3, 96 L. Ed. 1 (1951); <u>United States v. Honeyman</u>,470 F.2d 473, 474 (9th Cir. 1972).  Only in rare circumstances should pretrial release be denied.  <u>Sellers v. United States</u>, 89 S. Ct. 36, 38, 21 L. Ed. 2d 64 (1968); <u>United States v. Schiavo</u>, 587 F.2d 532, 533 (1st Cir. 1978); <u>United States v. Abrahams</u>,575 F.2d 3, 8 (1st Cir.), cert. den., 439 U.S. 821, 99 S. Ct. 85, 58 L. Ed. 2d 112 (1978).  Doubts regarding the propriety of release should be resolved in favor of the defendant. <u>Herzog v. United States</u>, 75 S. Ct. 349, 351, 99 L. Ed. 1299 (1955); <u>United States v. McGill</u>, 604 F.2d 1252, 1255

(9th Cir. 1979), cert. den. 444 U.S. 1035, 100 S. Ct. 708, 62 L. Ed. 2d 671

(1980); United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).

### 2.   **Bail Reform Act of 1984**.

Release pending trial is provided for in the Bail Reform Act of 1984

which, like its predecessor, the Bail Reform Act of 1966, 18 U.S.C. §

3146-3152 (1982) (repealed October 12, 1984), mandates release of a

person facing trial under the least restrictive condition or combination of

conditions that will reasonably assure the appearance of the person as

required. 18 U.S.C. Section 3142(c)(2) (1984); United States v. Honeyman,

470 F.2d at 474-75; Banks v. United States, 414 F.2d 1150, 1153 (D.C.Cir.

1969). The Fifth and Eighth Amendment of the Constitution prohibits

deprivation of liberty without due process and of excessive bail, and

requires careful review of pretrial detention orders to ensure that the

statutory mandate has been respected.  United States v. Motamedi, 767

F.2d 1403, 1405 (9th Cir. 1985)

The Bail Reform Act carefully limits the circumstances under which

detention may be sought to the most serious of crimes.  United States v.

Salerno, 481 U.S. 739, 747 (1987).  Under the Bail Reform Act, courts "shall

hold" detention hearings in two instances.  First, when the case involves

any one of the enumerated serious offenses outlined in § 3142(f)(1) – cases involving allegations of particularly dangerous criminal activity. Second, when "serious" concerns about risk of flight or obstruction of justice are present. 18 U.S.C. Section 3142(f)(2). United States v. Gibson, 384 F. Supp.3d 955, 960 (N.D. Ind. 2019). "There can be no detention hearing – and therefore no detention – unless an (f)(1) or (f)(2) criterion is met." Id. See also United States v. Singleton, 182 F.3d 7, 9 (D.C. Cir. 1999) (absent one of the triggering circumstances, "detention is not an option"). Normally, once one of these conditions is met, a hearing is held "to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. Section 3142(f).

In United States v. Himler, the Third Circuit considered "whether, under the Bail Reform Act of 1984, an accused taken into custody may be detained prior to trial based on danger to the community where the detention hearing was justified only by an alleged serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A)," Himler, 797 F.2d at 157. Himler was charged with production of a false identification document and the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2). Id. at

158. The Third Circuit noted that the "legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from 'a small but identifiable group of particularly dangerous defendants.'" Himler, 797 F.2d 160 (citing S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983)).

The Third Circuit found that "Himler's case does not involve any of the offenses specified in subsection (f)(1), nor has there been any claim that he would attempt to obstruct justice or intimidate a witness or juror" and held that  the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification.  Any danger which he may present to the community may be considered only in setting conditions of release.  He may be detained only if the record supports a finding that he presents a serious risk of flight." Id. at 160. See also Gibson, 384 F. Supp.3d at 964 ("the Court will not consider the danger Gibson poses to the community because consideration of dangerousness is improper where, the sole ground for detention is 18 U.S.C. § 3142(f)(2)(A)"); United States v. Chavez-Rivas, 536 F.Supp.2d 962, 968

(E.D. Wisc. 2008) ("detention as a danger is permitted only in cases
covered by § 3142(f)(1)").

### 3.    **Burdens of Proof.**

The standard of proof on the question of whether Ms. Ishida is a
flight risk is the preponderance of the evidence standard. United States v.
Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

### 4.    **18 U.S.C. § 3142(g) Factors.**

Section 3142(g) specifies the various factors to be considered by
the court in determining whether conditions of release may be imposed
that will reasonably assure the appearance of the person. The Court must
take into account available information concerning the nature and
circumstances of the offense charged, the weight of the evidence against the
person, the history and characteristics of the person, including her
character, physical and mental condition, family ties, employment,
financial resources, length of residence in the community, community ties,
past conduct, history relating to drug and alcohol abuse, criminal history,
record concerning appearance at court proceedings, and the nature and
seriousness of the danger to any person or the community that would be
posed by the person's release. 18 U.S.C. Section 3142(g) (1984).

### C. **Ms. Ishida Qualifies for Release**.

### 1. **Background**.

Ms. Ishida was born in 1999 in Honolulu, Hawaii. She was raised in and lived her entire life in Kaimuki. Ms. Ishida has two older sisters, ages 38 and 31.

Ms. Ishida's father is one of the owners of Alii Glass & Metal, Inc., a long-time glass and glazing company that operates out of Kapolei, Hawaii. Ms. Ishida's mother is a small business owner.

Ms. Ishida attended Wesley Methodist Preschool, Wilson School and Star of the Sear for elementary school. From seventh grade she attended Mid-Pacific Institute and graduated in 2017.

Ms. Ishida grew up as an athlete. She started playing competitive volleyball when she was nine years old and played all the way through college. Most of her free time outside of studying was devoted to volleyball practice, clinics, club teams and tutoring.

Ms. Ishida earned an athletic scholarship to Siena College in Albany, New York, where she played Division I volleyball for two years. She transferred to California State University at Bakersfield where she played one year.

The COVID-19 pandemic created problems for her with classes and the threat of infection and being hospitalized away from home. So Ms. Ishida returned to Hawaii in 2021, and attended the University of Hawaii at Manoa. She is only nine (9) credits short of a Bachelor's Degree in Political Science.

Since 2023, Ms. Ishida has been working at the Pitch Sports Bar as a waitress. She also worked full-time as assistant and later head volleyball coach for the Hana Hou club team.

## 2. **No Criminal Record**.

Ms. Ishida has no criminal record and has never been arrested in Hawaii or any other jurisdiction.

## 3. **No Flight Risk**.

Ms. Ishida is not a flight risk. She has flown out of the country one other time in 2024. In July, 2024 she was in Japan for vacation for one week. There was no problem with her return. She has also flown to Mainland with friends this year, and returned to Hawaii.

Attached to the Declaration of Cheryl Ishida, Jordan's mother, is evidence of Ms. Ishida's return reservations to Hawaii from her recently booked trip. We have been unable to access Ms. Ishida's Hawaiian Miles

-8-

account to retrieve the itinerary and booking information. Ms. Ishida was not fleeing the country at the she was arrested on October 13, 2024. She had booked a flight to Seoul with several friends and some families departing Honolulu on October 13, 2024,a nd returning to Honolulu on October 21, 2024. The documents include a detailed itinerary, as well as text messages betwen Ms. "Jo" Ishida and Kimi and Hana her two friends concerning changing their seats for the return flight to Honolulu. There is no indication that the trip to Korea was a flight to evade arrest. Ms. Ishida was totally unaware of the October 10, 2024 Indictment.

If released, Ms. Ishida has every intention of meeting and attending all of her Court appearances. She intends to reside at her parents' home. She will submit to any conditions the Court deems appropriate.

## III.  **CONCLUSION**.

Based on the foregoing reasons and authorities, Ms. Ishida requests that the instant Motion to Detain be denied, and that the Court set bond or bail and impose such additional conditions as the Court deems appropriate.

DATED:     Honolulu, Hawaii, October 17, 2024.

/s/ Mark S. Kawata

MARK S. KAWATA
Attorney for Defendant
JORDAN ISHIDA

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA , | ) CR. NO. 24-00060 JMS |
| | ) |
| Plaintiff, | ) DECLARATION OF CHERYL |
| | ) ISHIDA; EXHIBITS "1" - "3" |
| vs. | ) |
| | ) |
| JORDAN ISHIDA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **DECLARATION OF CHERYL ISHIDA**

| | |  |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS: |
| CITY & COUNTY OF HONOLULU | ) | |

CHERYL ISHIDA, states under penalty of perjury, as follows:

1.    She is Defendant Jordan Ishida's mother.

2.    She makes this Declaration on personal knowledge.

3.    Jordan resides with Declarant at her residence in Kaimuki.

4.    Declarant has provided her address to U.S. Pretrial Services.

5.    She was aware that Jordan had a trip to Korea planned for

October 13, 2024 to October 21, 2024.

6.    Jordan was certain to return to Hawaii, and had no plans that

Declarant is aware of to leave the country for an extended period of time.

7.    Jordan took a trip to Japan in July, 2024 for one week, and returned to Honolulu as scheduled.

8.    She has also flown to the Mainland this year and returned.

9.    In Declarant's opinion Jordan is not a flight risk, and will attend all court appearances.

10.    Declarant will do her best to assure Jordan's appearance at all court appearances.

11.    Attached hereto as Exhibit "1," is a true and accurate copy of Jordan Ishida and her friends Itinerary of their Korea trip, which I received a copy.

12.    Attached hereto as Exhibit "2," is a true and accurate copy of text conversations among Jordan and her friends who were on the trip concerning changing the seats for their return flights.

13.    Attached hereto as Exhibit "3," is a copy of Jordan's flight information for the October 13, 2024 flight to Seoul, and her boarding.

THIS DECLARATION IS MADE THIS 17TH DAY OF OCTOBER, 2024.

_____

CHERYL ISHIDA
Declarant

-2-

**EXHIBIT "1"**

# Korea itinerary 🌺

Sunday Oct 13th

- Leave Oahu @ 1:50pm

Monday Oct 14th

- Arrive Korea @ 7pm
- Check into Airbnb (HMYXQEJYCY) Address: 36-33 Seongsan-dong, Mapo-gu
- Pick up Pocket WIFI @Terminal 1
- 7-11 for din

Tuesday Oct 15th

- Shopping 🏬 (Olive Young, ...)
- Seokchan Lake/look at Lotte tower at night? TBD
- Dinner w/ Eddie's fam

Wednesday Oct 16th

- Hongdae in morning w/ Eddie them  ( 📍 Brand market clothing store)
- Nike Custom Store in Hongdae
- Color Analysis 🎨 @Color Place 1pm (Me, hanna, joj, Quinn)
- Eddie tattoo @1pm
- Myeongdong market at night  🌙

Thursday Oct 17th

- Lunch w/ Hanna's GMA (pick us up around 10am)
- Love lock of Namsan Tower 💕🔒 (in Jung-gu same as Myeongdong market)
- Eddie tattoo @1pm
- Drink in Gangnam (stop by Banpo hangang park?)

Friday Oct 18th

- Hanbok 👘 @gyeongbokgung palace GO EARLY 9am/10am (15 mins from Seoul forest)
- Seoul forest w Eddie
- Gangnam with eddie them
- Starfield library (if have time)
- Go back hotel to nap
- Itaewon bottle service 🍾

Saturday Oct 19th

Saturday Oct 19th
- Hongdae Nike Store + eat restaurant next door
- (Eddie them going itaewon)
- Gangnam bottle service 🍾

Sunday Oct 20th
- Eddie them go home in pm

Monday Oct 21st
- Treatments @FINE Clinic in Gangnam @12pm
- Leave Korea @ 5:25pm
- Arrive home @ 11:10am

Things to do
- Gwangjang market
- Mangwon market
- Myeongdong market🛍
- Myeongdong shopping street
- Paris baguette
- Gyeongbokgung palace🛍
- Seokchon lake🛍
- Seoul tower 🛍
- Mango dessert place
- Starfield library 🛍
- Lotte world🛍
- Eunpyeong Hanok Village
- Nike store & food place next to it
- Gyukatsu motomura dupe
- Massive daiso (myeongdong)
- The mask shop (olive young dupe)

Apps:
- Naver Map
- Subway Korea
- Papago (translation)

- miigwech
- Art box

**EXHIBIT "2"**



**EXHIBIT "3"**

10:43

< Inbox

 Flight: HA 460 from ICN to HNL
October 21, 2024
9:25PM - 6:10 AM

Add   ✕

 **Hawaiian Airlines**        7/16/24
To: hannason22@gmail.com >
Reply To: Hawaiian Airlines @ >

# Reservation Confirmation
# 58F7BX



HAWAIIAN
AIRLINES                    Book Now

Sign in to view your mileage statement.

## Mahalo

### We've confirmed your reservation

Your confirmation code is:
**58F7BX**

**Manage My Trip**



## Oct 13

### HNL → ICN

Flight HA 459
Oahu - Honolulu, HI (HNL) to Seoul Incheon, South Korea (ICN)
Depart 10/13/2024 01:50 PM
Arrive 10/14/2024 07:00 PM

| Guest | Details |
|-------|---------|
| Hanna Son | Seat 29G Main Cabin |



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

document was served on the parties noted above by way of email via

PACER to the following on the dated stated below.

> CLARE E. CONNORS, ESQ.
> United States Attorney
> BARBARA EUCKER, ESQ.
> Special Assistant U.S. Attorney
> Room 6100, PJKK Federal Building
> 300 Ala Moana Boulevard
> Honolulu, Hawaii 96850
> Telephone: (808) 541-2850
> Facsimile: (808) 541-2958
> Barbara.Eucker@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

DATED:    Honolulu, Hawaii, October 17, 2024.

/s/ Mark S. Kawata
_____

MARK S. KAWATA
Attorney for Defendant
JORDAN ISHIDA