MARK S. KAWATA 2622
1221 Kapiolani Blvd. Suite 808
Honolulu, Hawai'i 96814
Telephone No. 955-2600

Attorney for Defendant
JORDAN ISHIDA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JORDAN ISHIDA,<br><br>　　　　Defendant. | ) CR 2-0060JMS-01<br>)<br>) DEFENDANT JORDAN<br>) ISHIDA'S SUPPLEMENTAL<br>) SENTENCING STATEMENT<br>) AND MOTION FOR<br>) DOWNWARD DEPARTURE<br>) AND CERTIFICATE OF<br>) SERVICE<br>)<br>) Sentencing Date: 12/29/25<br>) Time: 1:30 p.m.<br>) Judge: Hon. J. Michael Seabright<br>) |

## DEFENDANT JORDAN ISHIDA'S
## SUPPLEMENTAL SENTENCING STATEMENT
## AND MOTION FOR DOWNWARD DEPARTURE

Defendant Jordan Ishida, by her undersigned attorney, hereby submits her Supplemental Sentencing Statement and Motion for Downward Departure.

## I. This Court Should Depart From the Applicable Guideline Range Based On Defendant's Age.

This Court has the statutory authority to depart from the Guidelines pursuant to Section 5H1.1. Under Section 5H1.1, age is relevant in sentencing, particularly her youthfulness at the time of offense, justifying downward departures due to ongoing brain development, impulsivity, risk-taking, susceptibility to influence, which affected an otherwise good and orderly upbringing. As noted in the Sentencing Statement, Ms. Ishida attended private schools until graduation from high school. As a youth, her emphasis was athletics. She played volleyball year-round, and helped coach volleyball even while she was in high school.

She did not have any time to engage in any illegal conduct, and dedicated her life to receiving a Division I athletic scholarship. COVID-19 interrupted, and ultimately derailed her plans. She transferred to Cal State Bakersfield, but came back to Hawaii because her family didn't want her to end up in a California hospital with COVID, and unable to be seen by family members.

Her return to Hawaii put her on a new course with new wayward friends and associates. She didn't attend college and gave up on her volleyball career. This offense occurred when she was involved in

relationship with Chris Tran, who was recently sentenced to a multi-year term of imprisonment. They are no obviously no longer involved.

The situation she finds herself in is a 180 degree turnaround from her previous lifestyle. Her parents were highly supportive her whole life, continuing today. They don't understand the choices she made, but are nonetheless behind her even now. They have done all they can to help her adjust after being charged, and will continue to work with her to find a new path and her place in life.

A downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or any prior offenses. Id.

Pursuant to 28 U.S.C. § 994(d):

The Commission in establishing categories of defendants for use in the guidelines and policy statements governing the imposition of sentences of probation, a fine, or imprisonment, governing the imposition of other authorized sanctions, governing the size of a fine or the length of a term of probation, imprisonment, or supervised release, and governing the conditions of probation, supervised release, or imprisonment, shall consider whether the following matters, among others, with respect to a defendant, have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence, and shall take them into account only to the extent that they do have relevance— (1) age; (2) education; (3) vocational skills; (4) mental and emotional condition to the extent that such condition mitigates the defendant's culpability or to the extent that such condition is otherwise plainly relevant; (5) physical condition, including drug dependence; (6) previous employment

record; (7) family ties and responsibilities; (8) community ties; (9) role in the offense; (10) criminal history; and (11) degree of dependence upon criminal activity for a livelihood.

In the instant case, Ms. Ishida's youth weighs in favor of giving her consideration. She was twenty four years old at the time of the alleged offense. She has never been married and has no children.

She is a good candidate for rehabilitation. She has no record other than the instant offense. During the pendency of this case, she returned to the University of Hawaii and graduated with a degree in Political Science in June, 2025. She has plans to further her education, but has not made any decisions because of a possible prison sentence looming.

Ms. Ishida at one time thought about going to law school. That option, however, is clearly off the table, given the instant case. Many professional opportunities are likewise not available due to the poor decisions she made that resulted in this case.

She, however, has possibilities. She plans, after it is clear where she will be to try to get licensed as a real estate agent. She is also entertaining continuing her education, possibly in counsel, or education with an eye toward coaching. She enjoyed her coaching experience, and is looking into actually working in schools. In the alternative she plans to return to coaching club volleyball when she is able. It would help that she not have a

long or any prison term on her record, so that parents will have worries about their child's coach.

The long and the short of it, is Ms. Ishida is really a good kid who comes from a good family, with top-quality supportive parents, and a reasonably good group of friends, not counting recent acquaintances. She has every chance to rehabilitate herself and become a truly contributing member of our community and society. She is a person who deserves whatever break the Court can find it in its heart to give.

This Court can take her relative youth into consideration in understanding what amounts to bad choices in friends, relationship and her actions. She lived a relatively sheltered childhood, but after coming back from the Mainland, in a state of flux because her former reason existence, volleyball, was no longer part of her life, she embarked on the wrong path. Because of lack of life experiences, she didn't know how to make the right kinds of choices.

This experience before this Court has been eye-opening. Ms. Ishida went through a period of depression <u>see</u> paragraph 71 of Supplemental Report page 13. Fortunately, the Court's assigned program, Aspects of Life, offered counsel, which has continued and which Ms. Ishida reports has been positive. As opposed to what was stated in paragraph 72, Ms. Ishida

would like to continue with the counseling for as long as she can.

Ms. Ishida requests that she be given additional consideration with a downward variance from the applicable Guideline range, in an amount that the Court determines is sufficient to balance Ms. Ishida's best interests with the Government's interest in effecting appropriate punishment.

The Court is also requested to consider departure due to the fact that Ms. Ishida's guideline range is affected by the offenses that Mr. Tran committed as previously stated in the previously filed Sentencing Statement.

A recalculation analysis should apply USSG §2K2.1(a)(4), providing a base offense level of 20 where the defendant committed the offense subsequent to sustaining one felony conviction for a controlled substance offense. Applying only the brandishing enhancement (+4 under §2K2.1(b)(6)(B)), the total offense level for the underlying offense would be 24. Subtracting 6 levels pursuant to §2X3.1(a) results in a base offense level of 18 for Ms. Ishida.

With the same adjustments for zero-point offender status (-2) and acceptance of responsibility (-3), Ms. Ishida's total offense level would be 13, resulting in a guideline range of 12 to 18 months, substantially lower than the 30 to 37 months calculated in the DPSR.

Accordingly, the defense requests that there be a recalculation of Ms. Ishida's guideline range within the forthcoming final PSR to reflect: (1) a base offense level calculated using §2K2.1(a)(4) rather than §2K2.1(a)(2); and (2) removal of the 2-level enhancement under §2K2.1(b)(4)(A) for the stolen firearm.

The defense reserves the right to reply to any proposed amendments, modifications, and objections, and to make any further corrections, edits, and/or objections to the final PSR as necessary.

DATED:   Honolulu, Hawaii, December 26, 2025.

/s/ Mark S. Kawata

MARK S. KAWATA
Attorney for Defendant
JORDAN ISHIDA

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served on the date set forth below a copy of the foregoing, at the below-listed addresses:

BARBARA EUCKER
Assistant United States Attorney
300 Ala Moana Blvd., Suite 6100
Honolulu, Hawaii 96850
Phone: (808) 440-9249
Email: barbara.eucker@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

CHEYENNE MCKEE
United States Probation Officer
Phone: (808) 541-1388
Email: cheyenne_mckee@hip.uscourts.gov

DATED: Honolulu, Hawaii, December 26, 2025.

/s/ Mark S. Kawata
_____
MARK S. KAWATA
Attorney for Defendant
JORDAN ISHIDA